IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMISIÓN EJECUTIVA HIDROELÉCTRICA DEL RÍO LEMPA, <br><br> Plaintiff, <br><br> v. <br><br> NEJAPA POWER COMPANY, L.L.C., <br><br> Defendant. | § § § § § § § § § § § § | Action No. 1:08-MC-00135-GMS |

### NEJAPA POWER COMPANY, L.L.C.'S MOTION FOR RECONSIDERATION OF JULY 18, 2008 ORDER GRANTING ASSISTANCE TO LITIGANT PURSUANT TO 28 U.S.C. § 1782

Pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, Defendant herein, and Claimant in an ongoing arbitration in Geneva, Switzerland, Nejapa Power Company, L.L.C. ("NPC"), files this Motion for Reconsideration of July 18, 2008 Order Granting Assistance to Litigant Pursuant to 28 U.S.C. § 1782. In support of this Motion, NPC would show as follows:

#### BACKGROUND

1. By Order entered July 18, 2008 (the "Order"), this Court granted the Application for an Order Granting Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 ("Application") filed by Plaintiff Comisión Ejecutiva Hidroeléctrica del Río Lempa ("CEL"). (D.I. 2.) CEL filed its Application without giving notice to NPC.

2. The Order states that the requirements of 28 U.S.C. § 1782 have been satisfied and grants CEL the right to serve NPC with extensive document requests (34 individual requests) and serve the president of the manager of the entity that had formerly served as NPC's manager, Stephen M. Sutton, with a subpoena for an oral deposition.

{A&L-00069790-}

3. NPC has not been served with the Application, the Order, or the discovery.

4. On the same date that the Court issued its Order, but before NPC was aware of the Order, NPC advised the Arbitration Panel of CEL's Application and asked that the Panel order CEL to withdraw its Application (among other relief). *See* Declaration of Andrew P. Price at Tab 3 (hereafter "Decl. Tab __"). Within hours, the Panel asked CEL to file a response and to file it by Tuesday, July 22. At CEL's request, an extension was granted allowing CEL to file its response on Thursday, July 24. CEL has since filed its response. Decl. Tab 17. NPC followed with a brief reply. Decl. Tab 18. Early Friday morning, the Panel emailed the parties asking them to refrain from further filings and promising to advise the parties of its "decision as soon as possible." Decl. Tab 19.

**BASES FOR RELIEF REQUESTED**

5. As more fully set forth in the accompanying Memorandum filed in support of this Motion, the Court should reconsider its Order and vacate it because CEL failed to provide NPC with notice. CEL has been communicating with NPC's counsel since NPC filed the notice of arbitration on July 5, 2007. There was simply no excuse for CEL's failure to serve NPC with its Application. In like circumstances, notice has been held to be required. *See, e.g.*, *In re Merck & Co.*, 197 F.R.D. 267, 271 (M.D.N.C. 2000). *See* Memorandum at 10-11.

6. The Court should reconsider its Order because CEL's Application contained material factual misrepresentations. For example, CEL represented to the Court that "[T]here is no indication that the Tribunal in the Pending Arbitration would be unreceptive to the discovery being sought by CEL. . . . It is therefore likely that the Tribunal . . . would accept and consider such discovery." Application at 8. CEL's representation is untrue: The Panel expressly limited document discovery. *See* Memorandum at 6-8. In fact, the Panel has comprehensively addressed the issues of document disclosure and provided for the scheduling of same. *Id.* The

Court should reconsider its Order based on a full and accurate explanation of the discovery-related events in the ongoing arbitration.

7. The Court should vacate its Order because Section 1782 does not apply to private foreign arbitrations. CEL failed to apprise the Court that two Circuit Courts have unequivocally held that Section 1782 does not apply to private foreign or international arbitrations. *See Republic of Kaz. v. Biedermann Int'l*, 168 F.3d 880, 883 (5th Cir. 1999) ("[T]he term 'foreign and international tribunals' in § 1782 was not intended to authorize resort to United States federal courts to assist discovery in private international arbitrations."); *National Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 191 (2d Cir. 1999) ("Congress did not intend for that statute to apply to an arbitral body established by private parties."). No Circuit Court has held that Section 1782 applies to private arbitration. *See* Memorandum at 11-13.

8. CEL's primary authority, *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), is inapposite. *Intel* is not an arbitration case. *See* Memorandum at 13-15.

9. The Court should vacate its Order because even if Section 1782 did apply, the *Intel* factors have not been satisfied, and CEL has failed to demonstrate that such relief is appropriate under the circumstances. *See* Memorandum at 15-20.

10. The Court should vacate its Order because even if the *Intel* factors were satisfied, the Court would be well within its discretion to refuse the requested discovery. *Advanced Micro Devices, Inc. v. Intel Corp.*, No. C 01-7033, 2004 WL 2282320, at *2 (N.D. Cal. 2004) (denying application for discovery in full on remand) (Mem. Ex. C). *See* Memorandum at 15-20.

11. The Court should vacate its Order because CEL should be required to avail itself of the procedures it bargained for. Under those procedures (set forth in the UNCITRAL Arbitration Rules, El Salvadoran substantive law, and Swiss procedural law), CEL may take up

its quest for further discovery with the Panel. It may take up its request as provided under Swiss procedural law in a Swiss court. What it may not do is jump across the ocean to get a more favorable ruling from a U.S. Court. That is simply not the bargain CEL struck when it agreed to arbitration in Geneva pursuant to the UNCITRAL Arbitration Rules, El Salvadoran substantive law, and Swiss procedural law.

12. CEL's filings in the two forums are inconsistent. CEL represented to this Court that its requested discovery is in aid of the ongoing arbitration. But in CEL's July 24 Letter to the Panel, it states that the Panel lacks authority to order CEL to withdraw its U.S. discovery requests. *Compare* CEL's Application *with* CEL's July 24, 2008 letter to the Panel. Decl. Tab 17. CEL cannot be all that interested in aiding the Panel to decide its dispute with NPC if is it is willing to tell the Panel, quite literally, "hands off."

13. Finally, as NPC has not been served with the discovery (or the Application or the Order), NPC reserves its right to seek protections under Rule 45 of the Federal Rules of Civil Procedure at the appropriate time.

### RELIEF REQUESTED

14. Nejapa Power Company, L.L.C. asks that the Court reconsider its *ex parte* July 18, 2008 Order, vacate it, and dismiss this proceeding and/or quash the discovery or limit such discovery following the Court's ruling on NPC's objections (to be filed after NPC is served with the discovery). NPC asks for any further relief to which it may be justly entitled.

Of Counsel.

C. Mark Baker
Texas Bar No. 01566010
Federal I.D. No. 993
Kevin O'Gorman
Texas Bar No. 00788139
Andrew P. Price
Texas Bar No. 24002791
Federal I.D. No. 22348
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:    (713) 651-5151
Facsimile:    (713) 651-5246

Dated: July 25, 2008

Respectfully submitted,

*/s/ John M. Seaman*
Kevin G. Abrams (#2375)
John M. Seaman (#3868)
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
abrams@abramslaster.com
seaman@abramslaster.com

*Attorneys for Defendant*
*Nejapa Power Company, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on July 25, 2008, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**By Email and Hand Delivery**
Donald E. Reid
Jeremy D. Eichler
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**By Email and U.S. Mail**
David M. Orta
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

_____
John M. Seaman (#3868)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMISIÓN EJECUTIVA HIDROELÉCTRICA DEL RÍO LEMPA, <br><br> Plaintiff, <br><br> v. <br><br> NEJAPA POWER COMPANY, L.L.C. <br><br> Defendants. | § § § § § § § § § § § § § | Action No. 1:08-MC-00135-GMS |

**PROPOSED ORDER**

Upon consideration of Nejapa Power Company L.L.C.'s Motion for Reconsideration of July 18, 2008 Order Granting Assistance to Litigant Pursuant to 28 U.S.C. § 1782 (the "Motion"), and Plaintiff's response thereto if any, the Court hereby Grants the Motion.

It is therefore ORDERED that:

The Court's July 18, 2008 Order Granting Assistance to Litigant Before Foreign Tribunal Pursuant to 28 U.S.C. § 1782 (D.I. 2) is hereby VACATED and any discovery served on Defendant pursuant to that Order is hereby QUASHED.

It is further ORDERED that this cause is DISMISSED because Plaintiff fails to state a claim for which relief can be granted.

IT IS SO ORDERED, this _____ day of _____, 2008.

_____
United States District Judge

{A&L-00069790-}