IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMISIÓN EJECUTIVA HIDROELÉCTRICA DEL RÍO LEMPA, § § § | | |
| Plaintiff, § § | | |
| v. § | Action No. 1:08-MC-00135-GMS | |
| § | | |
| NEJAPA POWER COMPANY, L.L.C., § § | | |
| Defendant. § | | |

**RESPONSE TO NEJAPA POWER COMPANY, LLC'S
REQUEST FOR ORAL ARGUMENT PURSUANT TO RULE 7.1.4**

Plaintiff, Comisión Ejecutiva Hidroeléctrica del Río Lempa ("CEL"), respectfully opposes Defendant Nejapa Power Company, L.L.C's ("NPC") Request for Oral Argument Pursuant to Rule 7.1.4 filed August 19, 2008 (the "Request") on its Motion for Reconsideration of July 18, 2008 Order Granting Assistance to Litigant Pursuant to 28 U.S.C. § 1782 (the "Motion").

A motion for reconsideration is a motion for reargument and is governed by the same rules. *See Rojas v. U.S.*, 2008 WL 687070 (D.N.J.) (attached as Exhibit A) (noting that "the terms reargument and reconsideration are used interchangeably"); *In re Joy Global, Inc.*, 2008 WL 686650 (D. Del.) (attached as Exhibit B) (treating motions for reargument and reconsideration the same); *State v. Brooks*, 2008 WL 435085 (Del. Super.) (attached as Exhibit C) ("While Defendant filed this action under the title "Motion for Reconsideration" the Court will treat it as a Motion for Reargument because a motion for reconsideration is tantamount to a motion for reargument."). Therefore, NPC's Motion is governed by Local Rule 7.1.5.

Local Rule 7.1.5 states that a motion for reargument "shall briefly and succinctly state the grounds therefore…the opposing party may file a brief answer to each ground asserted in the motion. *The Court will determine from the motion and answer whether reargument will be granted.*" (emphasis added). In this case, the Defendant NPC has already had the benefit of both an opening and reply brief, each filed without the leave of the Court. CEL has also filed an answer to the original Motion which it believes is sufficient. Defendant NPC has presented no reason to now, after multiple written submissions, deviate from this Court's Rules and normal practice of deciding motions for reargument on the papers. Therefore, CEL opposes NPC's Request and respectfully asks that it be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donald E. Reid (#1058)*

Donald E. Reid (#1058)
1201 N. Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
dreid@mnat.com
*Attorneys for Plaintiff*

OF COUNSEL:

David M. Orta
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5667
David.Orta@aporter.com

# EXHIBIT A



Slip Copy
Slip Copy, 2008 WL 687070 (D.N.J.)

Page 1

HRojas v. U.S.
D.N.J.,2008.
Only the Westlaw citation is currently available.NOT FOR PUBLICATION
United States District Court,D. New Jersey.
Victor ROJAS, Petitioner,
v.
UNITED STATES of America, Respondent.
**Civil Case No. 07-3353 (FSH).**
**Criminal No. 06-555.**

March 10, 2008.

Victor Rojas, Ayer, MA, pro se.
Dennis C. Carletta, Amy S. Winkelman, U.S. Attorney's Office, Newark, NJ, for Respondent.

### *OPINION and ORDER*

HOCHBERG, District Judge.

*1 This matter comes before the Court on Petitioner's Motion for Reconsideration of this Court's Order, dated January 17, 2008, which denied Petitioner's July 19, 2007 motion to vacate, set aside, or correct his sentence on the grounds that Petitioner failed to demonstrate that he was entitled to relief for ineffective assistance of counsel. Having considered the written submissions before this Court pursuant to Fed.R.Civ.P. 78, and

it appearing that a Motion for **Reconsideration** (a.k.a. Motion for **Reargument**) [FN1] isgoverned by Local Civil Rule 7.1(g); and

> FN1.Local Civil Rule 7.1, comment 6(a); see, e.g., Hernand v. Beeler, 129 F.Supp.2d 698, 701 (D.N.J.2001) (noting that the terms **reargument** and **reconsideration** are used interchangeably and that Rule 7.1(g) governs both).

it appearing Local Civil Rule 7.1(g) provides for the reargument of an order if the motion for the same is filed within 10 days after entry of the disputed order; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence,"*Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985); see also, *Shoenfeld Asset Mgt. v. Cendent Corp.,* 161 F.Supp.2d 349, 352 (D.N.J.2001); *Yurecko v. Port Authority Trans-Hudson,* 2003 WL 22001196, at *2 (D.N.J. Aug.18, 2003); and

it appearing that the Rule requires that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked,"*G-69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990); and

it appearing that "a party seeking reconsideration must show more than a disagreement with the Court's decision,"*G-69 v. Degnan,* 748 F.Supp. at 275; and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, *Elizabethtown Water Co. v. Hartford Casualty Ins. Co.,* 18 F.Supp.2d 464, 466 (D.N.J.1998) (quoting *Carteret Savings Bank F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J.1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, *Database America v. Bellsouth Advertising & Publ'g.,* 825 F.Supp. 1216, 1220 (D.N.J.1993) (citing *Weyerhaeuser Corp. v. Koppers Co.,* 771 F.Supp. 1406, 1419 (D.Md.1991)); and

it appearing that a motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through-rightly or wrongly,"*Ciba-Geigy Corporation v. Alza Corporation,* 1993 WL 90412, *1 (D.N.J. March 25, 1993); *Oritani Sav. & Loan v. Fidelity & Deposit Co.,* 744 F.Supp. 1311, 1314 (D.N.J.1990), rev'd on other grounds,989 F.2d 635 (3d Cir.1993); and

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 687070 (D.N.J.)

Page 2

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J.1986); and

**\*2** the Court finding no reason to disturb its decision of January 17, 2008,

**IT IS,** therefore, on this 7th day of March, 2008,

**ORDERED** that Respondents' Motion for Reconsideration is **DENIED;** and it is further

**ORDERED** that no certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2), the Petitioner having failed to make a substantial showing of the denial of a constitutional right.

D.N.J.,2008.
Rojas v. U.S.
Slip Copy, 2008 WL 687070 (D.N.J.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# EXHIBIT B

Case 1:08-mc-00135-GMS   Document 14-2   Filed 08/26/2008   Page 4 of 10



Slip Copy  
Slip Copy, 2008 WL 686650 (D.Del.)

Page 1

HIn re Joy Global, Inc.  
D.Del.,2008.  
Only the Westlaw citation is currently available.  
United States District Court,D. Delaware.  
In Re JOY GLOBAL, INC. f/k/a Harnischfeger Industries, Inc., Debtor.  
Joy Global, Inc. f/k/a Harnischfeger Industries, Inc., Plaintiff,  
v.  
Wisconsin Department of Workforce Development, Defendants.  
Civ.No. 01-039-LPS.

March 11, 2008.

Laura Davis Jones, Bruce Grohsgal, Pachulski, Stang, Ziehl, Young, Jones, & Weintraub, Wilmington, DE, for Plaintiff.  
Scotta E. McFarland, Pachulski, Stang, Ziehl, Young & Jones, P.C., Wilmington, DE, for Debtor.  
Stuart B. Drowos, Department of Justice, Wilmington, DE, for Defendants.  
John R. Sweeney, Pro Hac Vice.  
Richard B. Moriarty, Pro Hac Vice.  
Robert J. Dehney, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Movant The Official Committee of Unsecured Creditors of Beloit Corporation.

### *MEMORANDUM ORDER*

LEONARD P. STARK, United States Magistrate Judge.

*1 Plaintiff Joy Global, Inc. ("Joy") has filed a Motion for Reconsideration (Docket Item ["D.I."] 318) of the Court's February 15, 2008 Memorandum Opinion and Order ("Order") (D.I.317) denying Joy's motion for summary judgment without prejudice and amending the scheduling order (D.I.297). The Court has considered Joy's Brief in Support of its Motion (D.I.319) and the Wisconsin Department of Workforce Development's ("the Department") Answer (D.I.320). The motion is DENIED.

The standards that apply to motions for **reargument** and **reconsideration** in the District of Delaware are stringent:

[G]rant of the reargument motion can only occur in one of three circumstances: a) where the Court has patently misunderstood a party, b) [where the Court] has made a decision outside the adversarial issues presented to the Court by the parties, or c) [where the Court] has made an error not of reasoning but of apprehension.

*Schering Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293, 295 (D.Del.1998) (internal quotation marks and citations omitted). A motion for reconsideration should be denied "where the proponent simply rehashes materials and theories already briefed, argued, and decided ."*Id.*

Joy raises three arguments that, for the most part, do not attempt to meet the above standards. First, Joy insists that "fairness and efficiency" require that the Court consider and resolve now what it terms "the straightforward issue of law" raised by its (fifth) summary judgment motion. This is nothing more than a disagreement with the Court's assessment that, given the history of this case, it will be preferable for the parties to deal primarily with discovery until the discovery cut-off date of December 1, 2008 and, thereafter, move to case-dispositive motions. Such a disagreement is not a basis for reconsideration.

Next, Joy argues that the Court's Order violates Federal Rule of Civil Procedure 56, which provides that "[a] party against whom relief is sought may move at any time ... for summary judgment" and that summary judgment "should" be granted when the applicable standards are met. Joy made precisely this argument in opposing the Department's motion to limit Joy to one further summary judgment motion (D.I. 316 at 1, 3-5), and the Court has already rejected it (D.I. 317 at 4).

Finally, Joy defends the timing of its most recent summary judgment motion. The Court understands that if Joy chooses to again raise (after the close of discovery) the legal arguments it presented in its latest summary judgment motion, the Department may claim that these arguments came too late, and Joy will have its response to that claim. None of this, however, provides a basis for reconsideration of the Court's Order.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 686650 (D.Del.)

Page 2

Accordingly, it is hereby ORDERED that Joy's Motion for Reconsideration is DENIED.

D.Del.,2008.
In re Joy Global, Inc.
Slip Copy, 2008 WL 686650 (D.Del.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# EXHIBIT C



Not Reported in A.2d
Not Reported in A.2d, 2008 WL 435085 (Del.Super.)

Page 1

**H**State v. Brooks
Del.Super.,2008.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware,New Castle County.
STATE of Delaware
v.
Alan T. BROOKS, Defendant.
**I.D. # 8600202DI.**

Feb. 12, 2008.

***ORDER***

JAN R. JURDEN, Judge.
*1 AND NOW, TO WIT, this 12th day of February, 2008, **IT IS HEREBY ORDERED** as follows:

1. On May 5, 1987, Defendant was convicted by a jury of Murder in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Robbery in the First Degree, Attempted Robbery in the First Degree, two counts of Conspiracy in the Second Degree, and Kidnaping in the Second Degree. He was sentenced to life in prison plus 52 years.[FN1]

   FN1. Brooks' co-defendants, Edward Skinner and Edward Sanders, were also convicted of various felonies and both were sentenced to life in prison, plus 62 years and 69 years, respectively.

2. Defendant's convictions and sentences were affirmed by the Delaware Supreme Court on direct appeal.[FN2]

   FN2. *Skinner et al. v. State,* Del.Supr., 575 A.2d 1108 (1990).

3. On August 26, 1993, Defendant filed his first *pro se* motion for postconviction relief.[FN3] On September 20, 1993, this Court denied the motion and the Delaware Supreme Court affirmed on February 10, 1994.[FN4]

   FN3. Mot. for Postconviction Relief, Docket Item ("D.I.") 61.

   FN4.*Brooks v. State,* Del.Super., I.D. 862002026, Bifferato, J. (Letter Opinion) (Sept. 9, 1993), *aff'd*Del.Supr., No. 383, 1993 (Feb. 10, 1994) (ORDER).

4. On July 13, 2001, he filed his second *pro se* motion for postconviction relief. On August 8, 2001, this Court denied the motion and the Delaware Supreme Court affirmed on December 19, 2001.[FN5]

   FN5. Del.Super., I.D. 862002026, Jurden, J. (ORDER) (Aug. 8, 2001), *aff'd*Del.Supr., No. 450, 2001 (Dec. 19, 2001) (ORDER).

5. Defendant filed his third *pro se* motion for postconviction relief on September 7, 2007.[FN6] On October 23, 2007, this Court denied the postconviction motion [FN7] which forms the basis of the instant motion for reconsideration filed on November 1, 2007.[FN8] On November 13, 2007, Defendant filed a notice to rectify error in which he added additional pages to the motion.[FN9]

   FN6. Mot. for Postconviction Relief, D.I. 93.

   FN7.*State v. Brooks,* 2007 WL 3105883 (Del.Super.).

   FN8. Mot. for Reconsideration, D.I. 96.

   FN9. Notice to Rectify Error, D.I. 100.

6. The standard of review for a Rule 59(e) motion for reargument is well established.[FN10] The Superior Court noted in *Norfleet v. Mid-Atlantic Reality Co., Inc.* that "reargument will usually be denied unless it is shown that the Court 'overlooked a precedent or legal principle that would have controlling

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

effect, or that it has misapprehended the law or the facts such as would affect the outcome of the decision."[FN11] The Delaware Supreme Court has also stated that motions for reargument should not be used merely to "rehash the arguments already decided by the court."[FN12] A moving party has the burden of demonstrating "newly discovered evidence, a change in the law or manifest injustice."[FN13]

> FN10. While Defendant filed this action under the title "Motion for Reconsideration" the Court will treat it as a Motion for **Reargument** because a motion for **reconsideration** is tantamount to a motion for reargument. *See State v. Trump*, 2004 WL 2827958 (Del.Super.) (applying the framework for a motion to reconsider and reargument interchangeably).
>
> FN11. 2001 WL 989085 (Del.Super.).
>
> FN12. *Id.*
>
> FN13. *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del.Super.)(citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del.Super.1995)).

7. Defendant's motion for reargument is inappropriate because he has not established that the Court misapprehended the law or facts that would affect the outcome of the decision, nor has he made a valid claim of newly discovered evidence that would change the outcome of the decision. In addition, Defendant's motion fails on the merits.

8. Defendant first argues that new evidence exists to impeach the testimony of State's witness, Darneise Goodman. By claiming "newly discovered evidence," Defendant, in effect, moves for a new trial under Superior Court Rule 33. Pursuant to this Rule, "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment ..."[FN14] Defendant's conviction became final on July 3, 2001, and the instant motion was filed on November 1, 2007. Therefore, his motion is time barred for purposes of Rule 33.

> FN14. Super. Ct.Crim. R. 33.

*2 9. Even if Defendant's claim was not time barred, it fails on the merits. He argues that Goodman testified at his trial that she never had a sexual relationship with him but subsequently testified at a Family Court proceeding that he was the father of her child. Defendant argues that after a paternity test proved that he was not the father, Goodman attended another Family Court proceeding and testified that a different man was the father. Essentially, Defendant argues that because Goodman lied in Family Court proceedings, it stands to show that she lied in his trial. Defendant's argument is unpersuasive. Goodman did not testify that she never had sexual relations with the Defendant. She stated that Defendant was not the father of her child. The paternity test proved this to be truthful testimony. Whether Goodman perjured herself at a subsequent Family Court proceeding is irrelevant for the purposes of this case.

10. Assuming *arguendo* that Defendant's claim of "new evidence" that Goodman lied on the witness stand was accurate, a new trial would still not be warranted. In order for this Court to grant a new trial predicated on the ground of newly discovered evidence, it must appear: (1) that the new evidence will probably change the result if a new trial is granted; (2) that it has been discovered since the trial, and could not have been discovered before by the exercise of due diligence; and (3) that it is not merely cumulative or impeaching.[FN15] Defendant's "new evidence" is merely cumulative and only potentially impeaching about collateral testimony.[FN16] The sexual nature of Goodman's relationship with Defendant does not make his claim of actual innocence significantly more probable. Defendant's claim is further discredited by the fact that defense counsel vigorously explored bias and the limitations of Goodman's credibility at trial via direct examination of witnesses, cross-examination of Goodman, introduction of her criminal record and a proficient closing argument. Therefore, Defendant's claim fails on procedural grounds and the merits.

> FN15. *Lloyd v. State*, 534 A.2d 1262, 1267 (Del.1987); *State v. Hamilton*, 406 A.2d

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in A.2d
Not Reported in A.2d, 2008 WL 435085 (Del.Super.)

Page 3

879, 880 (Del.Super.Ct.1974).

FN16. [Missing text].

11. Defendant also argues that the evidence fails to show that Irons' murder was committed "in furtherance of" conduct constituting Attempted Robbery. This claim simply rehashes the issues already considered in his third motion for postconviction relief.[FN17]

FN17. See Mot. for Postconviction Relief, D.I. 93.

WHEREFORE, because Defendant fails to demonstrate that this Court "overlooked [an applicable Delaware] precedent or legal principle that would have controlling effect, or that it has misapprehended the law or the facts such as would affect the outcome of the decision,"[FN18] his motion for reconsideration is **DENIED. IT IS SO ORDERED.**

FN18. *Norfleet,* 2001 WL 989085 (Del.Super.).

Del.Super.,2008.
State v. Brooks
Not Reported in A.2d, 2008 WL 435085 (Del.Super.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.